■ In the Matter of EDWARD BLEIER, Appellant, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF EAST HAMPTON et al., Respondents. [595 NYS2d 102] —In a hybrid action for a judgment declaring the rights of the parties with respect to a certain easement, and a proceeding to review a determination of the respondent Board of Trustees of the Incorporated Village of East Hampton dated August 17, 1990, finding that certain actions by the respondent Carol Simmons Rathborne did not undermine a scenic easement, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Doyle, J.), entered January 8, 1991, as granted the respondents' motion to dismiss the hybrid complaint and petition.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Carol Simmons Rathborne owns a parcel of real property which is burdened by a scenic easement that the prior owner granted to the Village of East Hampton. Among other things, the grant created a 30-foot wide scenic easement on the easterly border of the parcel. The petitioner Edward Bleier owns real property abutting this border, and he maintains that Ms. Rathborne has violated the terms of the easement. We find that the Supreme Court properly determined that the petitioner lacked standing to enforce the scenic easement.

It is undisputed that the subject Grant of Scenic Easement was made in accordance with General Municipal Law § 247. Subdivision (4) of that provision states that "any interest acquired pursuant to this section is hereby enforceable by and against the original parties and the successors in interest, heirs and assigns of the original parties". The statute invests no other parties with enforcement powers. Given that the petitioner was not an original party to the grant, and does not claim to be a successor in interest, heir, or assignee of the original parties, he has no standing to enforce the grant. It is well settled that, " 'where there is a clear legislative intent negating review * * * or lack of injury in fact * * * standing [will] be denied' " (Matter of Fritz v Huntington Hosp., 39 NY2d 339, 346, quoting Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 11; cf., Matter of Friends of Shawangunks v Knowlton, 64 NY2d 387, 393).

We have reviewed the petitioner's remaining contention and find it to be without merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.